IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH BATTS, | : | |
|     Petitioner | : | |
| | : | No. 1:22-cv-00469 |
| v. | : | |
| | : | (Judge Kane) |
| STEPHEN SPAULDING, | : | |
|     Respondent | : | |

## MEMORANDUM

Before the Court is a habeas corpus petition filed under 28 U.S.C. § 2241 through which Petitioner Joseph Batts ("Batts") seeks earned time credit towards his sentence pursuant to the First Step Act ("FSA"). For the reasons discussed below, the Court will dismiss the petition without prejudice for failure to exhaust administrative remedies.

**I.     BACKGROUND**

Batts is currently incarcerated by the United States Bureau of Prisons ("BOP") in Lewisburg United States Penitentiary ("USP-Lewisburg") pursuant to his 2019 conviction in the United States District Court for the District of New Jersey for conspiracy to defraud the United States and aiding and assisting in the preparation of false federal income tax returns. See United States v. Batts, No. 3:18-cr-00215-1 (D.N.J. filed April 13, 2018). He filed the instant petition on March 22, 2022, and the Court received and docketed the petition on March 28, 2022. (Doc. No. 1 at 9.) Batts asserts the BOP has failed to credit him with earned time credit pursuant to the FSA and seeks a writ of habeas corpus compelling the BOP to provide such credit. (Id. at 8.)

Respondent, Stephen Spaulding, the warden at USP-Lewisburg ("Respondent"), responded to the petition on April 28, 2022. (Doc. No. 7.) Respondent argues that the petition should be dismissed for failure to exhaust administrative remedies or, alternatively, that it should

be denied on its merits.  (Id.)  Batts has not filed a reply brief and the deadline for doing so has expired under the Local Rules.  The petition is accordingly ripe for review.

## II. DISCUSSION

28 U.S.C. § 2241 does not contain an explicit statutory exhaustion requirement, but the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a Section 2241 petition.  See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).  Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."  See id. at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)).  Exhaustion is not required when it would not promote these goals, such as when exhaustion would be futile.  See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998).

The BOP has a multi-step administrative remedy program allowing an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement."  See 28 C.F.R. § 542.10(a).  First, an inmate should attempt informal resolution of the issue with the appropriate staff member.  See id. § 542.13(b).  If informal resolution is unsuccessful, the inmate may submit a formal written grievance, using the BP-9 form, to the warden within twenty (20) calendar days "following the date on which the basis for the Request occurred."  See id. § 542.14(a).  The warden is to respond to the request within twenty (20) calendar days.  See id. § 542.18.  An inmate dissatisfied with the warden's response may appeal, using the BP-10 form, "to the appropriate Regional Director within 20 calendar days of the date the warden signed the response."  See id. § 542.15(a).  Finally, an inmate may appeal the Regional Director's response,

using the BP-11 form, to the BOP's General Counsel "within 30 calendar days of the date the Regional Director signed the response." See id.  The General Counsel's response is due within forty (40) calendar days; however, the time period for response may be extended by twenty (20) days. See id. § 542.18.

In this case, Respondent contends that Batts has failed to exhaust administrative remedies because he has failed to appeal his relevant administrative remedy requests through all stages of appeal required by the BOP's administrative remedy program.  (Doc. No. 7 at 4-6.)  Respondent attaches a declaration from Jennifer Knepper, an attorney advisor at USP-Lewisburg, which corroborates Respondent's contention that Batts has failed to exhaust administrative remedies. (Doc. No. 7-1 at 3-4.)  Batts has not refuted Respondent's contention through the filing of a reply brief or any other document.  Accordingly, the Court concludes that Batts has failed to exhaust his administrative remedies.

## III.    CONCLUSION

For the foregoing reasons, the Court will dismiss Batts's petition for writ of habeas corpus without prejudice for failure to exhaust administrative remedies.  An appropriate Order follows.